# "EXHIBIT A1"

Filed
7/9/2024 4:07 PM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2024CVA001139D1

NO. 2024CVA001139D1

| | | |
|---|---|---|
| JONATHAN YAIR PRUNEDA AND PRISCILLA VANESSA SANDOVAL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| JOHNATHAN DAVID FARR FINCH AND EAN HOLDINGS LLC | § | ______ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jonathan Yair Pruneda and Priscilla Vanessa Sandoval, hereinafter referred to as Plaintiffs, complaining of Johnathan David Farr Finch and EAN Holdings LLC, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, 190.4.

2. Plaintiffs are residents and citizens of Webb County, Texas

3. Defendant, Johnathan David Farr Finch, is a nonresident of the State of Texas and was involved in a collision while operating a motor vehicle in the State of Texas. As such, service may be effectuated on this nonresident Defendant under the Texas Long-Arm Jurisdiction statute. *See* Texas Civil Practice & Remedies Code, Chapter 17, Subchapter D ' 17.061, 17.062, 17.063 and 17.064. Under these circumstances, The Chairman of the Texas Transportation Commission is an agent for service of process on Defendant, Johnathan David Farr Finch because the cause of action alleged herein arises out of acts and omissions of Johnathan David Farr Finch occurring in the State of Texas, while operating a motor vehicle. Johnathan David

Farr Finch may be served with service of process by serving The Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., 125 E. 11th Street, Austin, Texas 78701-2483. The Chairman of the Texas Transportation Commission shall mail to the nonresident a copy of the process and notice that the process has been served on the Chairman by registered mail, or by certified mail, return receipt requested, with postage prepaid, to Johnathan David Farr Finch, 1040 Park Ave., Paducah, Kentucky 42001, or wherever he may be found.

4. Defendant, EAN Holdings LLC, is a foreign limited liability company, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

5. This Court has jurisdiction and venue over this case because this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. Further, this Court has venue of this case because all or a substantial portion of the acts or events giving rise to the cause of action and the acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiffs occurred within the territorial limits of Webb County, Texas. Additionally, this Court has jurisdiction over Defendants because Defendants conducted business in Texas, contracted with Texas residents, committed torts in Texas, and/or otherwise purposefully availed themselves to the privileges of conducting activities within Texas, such as operating motor vehicles on Texas' public roads, thereby invoking the benefits and protections of Texas law. As such, Defendants have sufficient minimum contacts with

Texas such that maintenance of this suit does not offend traditional notions of fair play and substantial justice.

6. It has become necessary for your Plaintiffs to file this lawsuit to recover compensatory damages for personal injuries received as a result of a motor-vehicle collision that occurred on or about July 12, 2022, in Laredo, Texas. On such date, Defendant, Johnathan David Farr Finch, was operating a vehicle thought to be owned or leased by Defendant, EAN Holdings LLC, when he negligently failed to make a safe turn and entered the lane of traffic occupied by Plaintiffs, causing the subject crash and Plaintiffs' resulting injuries and damages. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiffs. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiffs reserve the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

7. Plaintiffs allege that, at the time of the incident in question, Defendant, Johnathan David Farr Finch, committed acts and/or omissions of negligence that proximately caused the incident in question and Plaintiffs' injuries and damages. The acts and/or omission are, singularly and/or in combination, as follows:

a) Failure to keep a proper lookout;

b) Failure to control speed;

c) Failure to make proper and timely application of his brakes;

d) Failure to yield the right-of-way;

e) Failure to control his vehicle to avoid a collision;

f) Failure to take timely and proper evasive action;

g) Failure to maintain a single lane;

h) Making an unsafe turn;

i) Distracted driving; and/or

j) Driver inattention.

Such acts and/or omissions, singularly or in combination and as the evidence will reveal, constitute negligence and negligence per se, as applicable, and such negligence proximately caused the incident in question and the injuries and damages sustained by your Plaintiffs. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiffs. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiffs reserve the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8. Plaintiffs also allege that Defendant EAN Holdings LLC committed acts and/or omissions of negligent entrustment and/or negligence in providing the means for Defendant, Johnathan David Farr Finch, to be entrusted and/or provided the motor vehicle in question to an incompetent, unsafe, dangerous or reckless driver. Such acts and/or omissions, singularly or in combination and as the evidence will reveal, constitute negligence and such negligence proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiffs. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiffs. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiffs reserve the right to amend and/or supplement as allowed by the Texas Rules of

Civil Procedure.

9. As a direct and proximate result of the acts and/or omissions of negligence of the Defendants referenced above, Plaintiff Jonathan Yair Pruneda alleges that he sustained injuries and damages from which he now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, disfigurement, loss of earning capacity and the incurring of medical and hospital bills and expenses, in the past and future. Plaintiff Jonathan Yair Pruneda sues for monetary relief for damages in an amount in excess of the minimum jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00.

10. As a direct and proximate result of the acts and/or omissions of negligence of the Defendants referenced above, Plaintiff Priscilla Vanessa Sandoval alleges that she sustained injuries and damages from which she now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, disfigurement, loss of earning capacity and the incurring of medical and hospital bills and expenses, in the past and future. Plaintiff Priscilla Vanessa Sandoval sues for monetary relief for damages in an amount in excess of the minimum jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00.

11. As a direct and proximate result of the negligence of the Defendants referenced above, Plaintiff Jonathan Yair Pruneda's vehicle was damaged. Plaintiff seeks the necessary and reasonable costs of repairing the vehicle to its condition immediately prior to the subject crash and damages for the diminished value of the vehicle as a result of the subject crash and/or damages for the market value of the vehicle immediately before the subject crash. Plaintiff also seeks loss-of-use damages for the reasonable time that Plaintiff lost the use and enjoyment of the vehicle. Further, Plaintiff seeks any out-of-

pocket expenses or pecuniary losses incurred as a result of the vehicle being involved in the subject crash. Plaintiff sues for these damages in an amount in excess of the minimum jurisdictional limits of this Court, but less than $100,000.00.

12. Plaintiffs also sue for pre-judgment and post-judgment interest on the items of damages allowed by law.

13. Plaintiffs demand a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing Plaintiffs do have and recover of, from and against the Defendants, jointly and severally, for their compensatory damages, pre-judgment and post-judgment interest, court costs, trial by jury, and for such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@h-kfirm.com

BY: *_/s/ Ryan King_*
RYAN KING
SBN 24073263
JOHN D. WOODS, JR.
SBN 24067950
Attorneys for Plaintiffs

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.